# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHERRY GREENE,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1483** (BOR Appeal No. 2047499)
(Claim No. 2011040649)

**HEARTLAND EMPLOYMENT SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sherry Greene, by Reginald Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Heartland Employment Service, LLC, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 20, 2012, in which the Board reversed a July 31, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 15, 2011, decision which denied temporary total disability benefits from November 3, 2011, through the next visit with S. Brett Whitfield, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Greene, a physical therapy assistant, injured her right elbow in the course of her employment on June 2, 2011, when she was moving a wheelchair behind a patient. Her claim was held compensable for right elbow sprain/strain. A progress note by Dr. Whitfield showed that Ms. Greene's injury was due to overuse. Her symptoms began in January of 2011 but worsened in June of 2011. An MRI showed a partial tear of the brachialis muscle. By the time Dr. Whitfield examined her in August of 2011, her brachialis muscle pain had resolved. She had instead begun experiencing pain in her bilateral forearms. Dr. Whitfield recommended Ms.

1

Greene see Joseph Prud'homme, M.D., because it was possible that she was suffering from a type of inherent muscle problem, such as late onset multiple sclerosis.

Ms. Greene was evaluated by Michael Kominsky, D.C., in September of 2011. During the evaluation, she reported pain, numbness, and tingling in her bilateral forearms and left hand. Dr. Kominsky diagnosed her with a sprain/strain of the distal brachialis muscle and ulnar nerve neuropathy. Participation in a strengthening program was recommended. Paul Bachwitt, M.D., performed an independent medical evaluation one month later in which he diagnosed a right forearm sprain with possible aggravation of the elbow. He recommended no further treatment and opined that a consultation with Dr. Prud'homme was unnecessary. No objective findings were discovered to support the subjective complaints, and Ms. Greene was deemed to be at maximum medical improvement and capable of returning to work. In November of 2011, Ms. Greene presented in Raleigh General Hospital's emergency room with complaints of bilateral forearm pain. She was advised to stop taking the medication Crestor because it could be causing myalgia.

The claims administrator denied a request for temporary total disability benefits from November 3, 2011, through the next visit with Dr. Whitfield. The Office of Judges reversed the decision and granted temporary total disability benefits from June 29, 2011, through July 1, 2011; from July 8, 2011, though August 1, 2011; from August 30, 2011, through June 6, 2012; and thereafter until Ms. Greene is seen by Dr. Prud'homme, and thereafter as long as medical evidence supports a finding that she is temporarily and total disabled. The Office of Judges found that the claim was held compensable for right elbow sprain/strain and Ms. Greene was granted temporary total disability benefits from June 29, 2011, through July 1, 2011, and from July 8, 2011, through August 1, 2011. In a treatment note, Dr. Whitfield stated that Ms. Greene continued to have forearm pain and wrote a work excuse dated August 30, 2011. The excuse stated that Ms. Greene was to remain off work until her appointment with Dr. Prud'homme. The appointment was denied by the claims administrator's October 25, 2011, decision. That decision was reversed by the Office of Judges' June 6, 2011, Order. In a progress note, Dr. Whitfield stated that Ms. Greene was excused from work from December 20, 2011, until her appointment with Dr. Prud'homme.

Dr. Bachwitt determined in an independent medical evaluation that Ms. Greene was not in need of any additional treatment or diagnostic studies. She was deemed to be at maximum medical improvement as of October 17, 2011. The Office of Judges found that the claims administrator denied the authorization for a consultation with Dr. Prud'homme, and that greatly extended the time period that Ms. Greene was unable to work. This was determined to be no fault of Ms. Greene's. The Office of Judges held that the preponderance of the evidence demonstrates that Ms. Greene is entitled to temporary total disability benefits for the period of time that she awaited a consultation with Dr. Prud'homme. Therefore, temporary total disability benefits were granted from August 30, 2011, through June 6, 2012, until Ms. Greene was able to see Dr. Prud'homme or another hand specialist and thereafter so long as medical evidence supported a finding that she was temporarily and totally disabled.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's November 15, 2011, decision in its November 20, 2012, decision. It found that the Office of Judges relied upon its June 6, 2012, Order in which it found that Ms. Greene's treatment was not complete and authorized a referral to Dr. Prud'homme or another hand specialist. By a decision dated August 17, 2012, the Board of Review reversed the June 6, 2012, Office of Judges Order and reinstated the claims administrator's decision denying the request for a referral to Dr. Prud'homme. In that decision, the Board of Review noted that the claim was held compensable for right elbow strain/sprain and Dr. Whitfield reported on August 30, 2011, that Ms. Greene's right brachialis muscle strain had resolved. He requested a referral to Dr. Prud'homme for evaluation of bilateral forearm pain which he believed was possibly due to some type of inherent muscle problem. The Board of Review noted that Dr. Bachwitt determined Ms. Greene was at maximum medical improvement for her compensable condition. The Board of Review therefore reinstated the claims administrator's decision which denied temporary total disability benefits from November 3, 2011, through the next follow-up visit with Dr. Whitfield. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum